ROBERT E. DAY *vs.* C. W. CHANDLER and J. D. PACKARD, trustee, appellant.

Kennebec, 1875.—May 31, 1876.

*Trial.*

When a dilatory plea or motion is overruled and exceptions are taken, the case should proceed to trial, and should not be marked law till the trial is closed.

ON EXCEPTIONS.

ASSUMPSIT wherein the principal defendant was defaulted before the trial justice, and the case brought to the supreme judicial court by appeal of the trustee.

The trustee on the return day, September 12, 1874, the case finds, made a verbal disclosure, and the case was continued to September 19th, when the trustee again appeared and contended that there was no legal disclosure on the return day and was defaulted by the trial justice. On motion of the trustee's counsel the default was on the same 19th, taken off, and the case continued to October 3, when the plaintiff's counsel filed a written protest with the trial justice against his jurisdiction extending any further, on the ground that he had no legal right to strike off the default. The trial justice decided that he had no right to strike off the default, and the trustee appealed. The appeal was entered in the supreme judicial court at the October term, 1874.

At the March term, 1875, the plaintiff's counsel made a writ-

ten motion that the judgment of the trial justice be confirmed and the action dismissed, and execution be issued from the proper court, on the ground that the trial justice had no right to strike off the default on a day to which the action was continued, and also on the ground that the trustee could not appeal from an interlocutory judgment.

The presiding judge overruled the motion and the plaintiff excepted.

*W. R. White,* for the plaintiff.

*L. T. Carlton,* for the trustee.

Libbey, J. This case is an appeal by the trustee from the judgment of the trial justice against him. At the second term the plaintiff filed a motion to dismiss the appeal for the reason that the trustee had no right of appeal and this court had no jurisdiction. The motion was overruled and the plaintiff filed exceptions. The motion is in the nature of a dilatory plea; overruling it did not end the suit, but kept it in court for further proceedings. In such case the exceptions should await the final disposition of the case. The court should have proceeded and closed the case and then if plaintiff was aggrieved it should have been marked law and continued. It is improperly entered on the law docket. R. S., c. 77, § 22. *State* v. *Inness,* 53 Maine, 536.

*Dismissed from the law docket.*

Appleton, C. J., Walton, Barrows and Danforth, JJ., concurred.